Ms. Anita M. Murrell, Director Arkansas Building Authority 501 Woodlane, Suite 600 Little Rock, AR 72201
Dear Ms. Murrell:
You have presented the following question for my opinion:
 Are "guaranteed maximum price" capital improvement contracts permissible under A.C.A. § 19-4-1415?
You explain that a "guaranteed maximum price" contract is one under which the contractor's fee is guaranteed, the owner agrees to reimburse the contractor for actual costs, and the contractor agrees to share with the owner any costs saved during the project. A contract of this nature is an alternative to the traditional method of designing a capital improvement project, placing it out for bid, and awarding the contract to the lowest responsible bidder pursuant to a lump sum contract under which a fixed price is quoted for carrying out and completing the work as described in the plans/specifications.
I note that the term "guaranteed maximum price contract" is not defined or used in any Arkansas law. For purposes of this opinion, I will assume that the term carries the meaning you have given it.
RESPONSE
It is my opinion that "guaranteed maximum price" contracts, as you have described such contracts, are permissible under A.C.A. § 19-4-1415. I emphasize that this opinion applies only to the type of contract that you have described and labeled as a "guaranteed maximum price" contract.
Title 19, Chapter 4 is a part of the section of the Arkansas Code that governs accounting and budgetary procedures for the state and certain public entities. Subchapter 14 specifically governs such procedures in connection with the construction of buildings and facilities. Among the requirements that are set forth in Subchapter 14 is a bidding requirement that is applicable to most contracts for such construction projects over the amount of $50,000.00. See A.C.A. § 19-4-1405. The provisions of A.C.A. § 19-4-1415 create an exception to the bidding requirement, provided that certain procedures are followed.
That portion of the statute that creates the exception from bidding states:
 (a) In the event funds from any sources are provided to state agencies for projects which exceed five million dollars ($5,000,000), excluding the cost of land, the provisions of this subchapter and all other provisions of the Arkansas Code governing construction of public facilities, including, but not limited to, the provisions of § 22-9-201 et seq. at the election of state agencies or the institutions of higher education set forth in subdivision (b)(5) of this section shall not be applicable to the projects if the selection and contracting process set forth in this section is followed.
A.C.A. § 19-4-1415(a).
The language quoted above creating an exception from the bidding requirement for projects exceeding $5,000,000.00 is broad and can clearly be interpreted to apply to any project meeting the description therein. This exception therefore appears to be broad enough to encompass "guaranteed maximum price" contracts, as you have described such contracts, provided that the required procedures are followed. These required procedures are set forth at A.C.A. § 19-4-1415(b) through (h). They are concerned with the following matters: the responsibilities and involvement of the Arkansas Building Authority and the Legislative Council in connection with all contracts; a requirement of separate contracts for design and construction services; the particular responsibilities and exemptions of certain universities; the selection procedures for construction managers, general contractors, architects, and engineers; required assurances; notice and proposal submission requirements; selection committee requirements; bond requirements; licensure and regulatory requirements. None of these requirements, at least on the surface, preclude "guaranteed maximum price" contracts as you have described them.
Therefore if a given project exceeds $5,000,000.00 excluding the cost of land, the contract for that project can be a "guaranteed maximum price" contract, rather than a bid contract such as is described in A.C.A. §19-4-1405, in A.C.A. § 22-9-201 et seq. (which also establishes bidding requirements for certain public contracts), or in any other statute that imposes bidding requirements, provided that the required procedures for entering into the contract that are set forth in A.C.A. § 19-4-1415(b) through (h) are followed.
I must note one provision in A.C.A. § 19-4-1415 that could lead to confusion. Subsection (e)(3)(B) states:
 (B) Contracts for architectural, engineering, and land surveying professional consultant services shall be negotiated on the basis of demonstrated competence and qualifications for the type of services required and at fair and reasonable prices without the use of competitive bidding, and no rule or regulation shall inhibit the agency's authority to negotiate fees for the services.
A.C.A. § 19-4-1415(e)(3)(B).
The provision quoted above could appear, at first sight, to indicate that contracts for services other than those specifically listed there remain subject to bidding requirements, because they are not named among those for which bidding is explicitly precluded. In my opinion, however, this provision appears to have been included solely to assure compliance with the more general prohibitions of the use of bidding for professional services, see A.C.A. § 19-11-801 et seq., and not to indicate any requirements contracts other than the types mentioned therein. Indeed, a reading of this provision under which contracts for services other than those listed would be subject to bidding requirements would defeat the purpose of A.C.A. § 19-4-1415.
As a final matter, I note that the final section of A.C.A. § 19-4-1415
states:
 (iii) Notwithstanding anything in this subsection to the contrary, the provisions of §§ 19-4-1413, 19-11-801, 22-9-101, 22-9-103, 22-9-104, 22-9-213, 22-9-301 et seq., 22-9-401 et seq., 22-9-501 et seq., 22-9-601 et seq., and 22-9-701 et seq. shall remain in full force and effect and not be affected hereby.
A.C.A. § 19-4-1415. The cited provisions deal with a variety of requirements (for example, minimum wage requirements), none of which would operate to prohibit a "guaranteed maximum price" contract, as you have described such a contract.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
MIKE BEEBE Attorney General